UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Doran Main LLC,<br><br>                Plaintiff,<br><br>v.<br><br>North Central States Regional Council of<br>Carpenters & Carpentry Contractors Assoc.,<br><br>                Defendants. | Civil No. 13-211 (MJD/FLN)<br><br>**REPORT AND<br>RECOMMENDATION** |

___

Marko J. Mrkonich & Anne Zorn Parrott for Plaintiff.
Justin D. Cummins for Defendant North Central States Regional Council of Carpenters.
David L. Hashmall for Defendant Carpentry Contractors Association.

___

**THIS MATTER** came before the undersigned United States Magistrate Judge on May 3, 2013 on the defendants' motions to dismiss (ECF No. 13 & 18). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72. For the reasons set forth below, the Court recommends that the defendants' motions be **GRANTED in part** and **DENIED in part**.

## I. FACTS

This matter arises out of a labor dispute between the plaintiff Doran Main LLC and the defendants North Central States Regional Council of Carpenters ("the Union") and Carpentry Contractors Association ("the Association").[1] Compl. ¶¶ 1–2. The plaintiff Doran Main LLC is a

---

[1] The Court has considered only those facts alleged in the complaint and assumed them to be true. The Court expressly ignores all other materials the parties have submitted in connection with these two motions to dismiss.

limited liability company with the sole purpose of acquiring, owning, holding, maintaining, operating, developing, managing, and disposing of the Mill & Main luxury apartments in Minneapolis. *Id.* ¶ 9. In 1997, Doran Construction Inc. signed a contract agreeing to be bound by a collective bargaining agreement then in force between the Lakes and Plains Union, the Association, and a third party. *Id.* ¶¶ 12–15. At some point during the development of Mill & Main, the plaintiff hired Regal Contractors—a non-signatory to the collective bargaining agreement—to perform drywall work. *Id.* ¶ 21.

In October 2012, the Union filed a grievance against "Doran Construction" alleging that it violated the collective bargaining agreement by subcontracting drywall work to Regal. *Id.* ¶ 24. The plaintiff objected to the grievance because it maintained that Doran Construction Inc., not Doran Main, signed the agree-to-be-bound contract. *Id.* ¶ 46.

In January 2013, the Association notified the plaintiff that a Joint Trade Board hearing had been scheduled for January 28, 2013. *Id.* ¶ 47. The Joint Trade Board is provided for in Article 7 of the collective bargaining agreement. *Id.* ¶ 32. The Board has "charge of the enforcement and interpretation of the working agreement" and is composed of three Union representatives and three Association employers—all of whom are parties to the collective bargaining agreement. *Id.* The decisions and orders signed by the Joint Trade Board are "final and binding." *Id.*

Based on its contention that it is not a party to the collective bargaining agreement, the plaintiff objected to the hearing. *Id.* ¶¶ 48–50. The plaintiff then brought this action against the defendants. In count 1, the plaintiff seeks a declaratory judgment that it is not a party to the collective bargaining agreement. *Id.* ¶¶ 54–59. In count 2, the plaintiff seeks a stay of the Joint Trade Board hearing. *Id.* ¶¶ 60–65. In count 3, the plaintiff claims the Union violated 29 U.S.C.

§ 158(b)(4)(ii)(A) (section 303 of the Labor Management Relations Act) by threatening, coercing, and restraining the plaintiff from doing business with non-signatory subcontractors for the purpose of entering an agreement prohibited by 29 U.S.C. § 158(e) . *Id.* ¶¶ 66–70.

## II. ANALYSIS

### A. Standard of review

In considering a Rule 12(b)(6) motion, the court views the pleadings in the light most favorable to the nonmoving party and treats the alleged facts as true. *See Ossman v. Diana Corp.*, 825 F. Supp. 870, 879–80 (D. Minn. 1993). Conclusions of law made by the nonmoving party, however, are not "blindly accept[ed]." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A Rule 12(b)(6) motion to dismiss is granted when the factual allegations, even assumed to be true, do not entitle that party to relief. *See, e.g., Taxi Connection v. Dakota, Minn. & E. R.R. Corp.*, 513 F.3d 823, 826–27 (8th Cir. 2008).

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." A pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but not 'shown'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

### B. Count 1 fails to state a claim upon which relief can be granted.

The plaintiff invokes § 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a), as the basis for the Court's subject-matter jurisdiction over count 1. Compl. ¶ 7. § 301(a) of the Labor Management Relations Act provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). This statute has been interpreted by the Supreme Court in *Textron Lycoming Reciprocating Engine Div., Avco Corp. v. United Auto., Aerospace, & Agric. Implement Workers of Am.,* 523 U.S. 653 (1998) and by the Eighth Circuit in *Gerhardson v. Gopher News Co.*, 698 F.3d 1052 (8th Cir 2012).

#### 1. *Textron*

In *Textron*, a union and an employer entered into a collective bargaining agreement. 523 U.S. at 654–55. The union subsequently brought an action against the employer seeking a declaration that the agreement was voidable (at the union's option) because the employer fraudulently concealed information from the union during the negotiation of the agreement. *Id.* at 655. The complaint did not allege that either the union or the employer violated the collective bargaining agreement. *Id.* Like the plaintiff in the instant case, the union invoked § 301(a) of the Labor Management Relations Act as the basis for federal subject-matter jurisdiction. *Id.*

The Court held that the union's claim did not fall within § 301(a) because the complaint did not allege that the collective bargaining agreement had been violated; it only alleged that the agreement was invalid. *Id.* at 657 ("'Suits for violations of contracts' under § 301(a) are not suits

that claim a contract is invalid, but suits that claim a contract has been violated.") (quoting 29 U.S.C. § 185(a)). The Court observed that § 301(a)

> erects a gateway through which parties may pass into federal court; once they have entered, it does not restrict the legal landscape they may traverse. Thus if, in the course of deciding whether a plaintiff is entitled to relief for the defendant's alleged violation of a contract, the defendant interposes an affirmative defense that the contract was invalid, the court may, consistent with § 301(a), adjudicate that defense. Similarly, a declaratory judgment plaintiff accused of violating a collective bargaining agreement may ask a court to declare the agreement invalid. But in these cases, the federal court's power to adjudicate the contract's validity is ancillary to, and not independent of, its power to adjudicate 'suits for violations of contracts.'

*Id.* at 658 (quoting 29 U.S.C. § 185(a)).

The Court further held that the case did not present an "actual controversy" under the Declaratory Judgment Act, 28 U.S.C § 2201, because the union never threatened to violate the agreement and, even if it had, the employer had no interest in remaining bound by the agreement. *Id.* at 661. In dicta, the Court expressed skepticism as to whether the Act provides federal-question jurisdiction over a case such as this one, that is, where a declaratory-judgment plaintiff asserts a non-federal defense to an anticipated federal claim. *Id.* at 660 ("No decision of this Court has squarely confronted and explicitly upheld federal-question jurisdiction on the basis of an anticipated claim against which the declaratory-judgment plaintiff presents a nonfederal defense; and neither the Union nor the Government cites such a decision by any other federal court.").

### 2. *Gerhardson*

Both § 301(a) and *Textron* were subsequently interpreted by the Eighth Circuit in *Gerhardson v. Gopher News Co.*, 698 F.3d 1052 (8th Cir. 2012). In *Gerhardson,* four employees sued an employer, a pension fund, and a union. 698 F.3d at 1055. The employer filed a cross-claim against the union alleging fraud, conspiracy, bad faith, and misrepresentation. *Id.* at 1055, 1057.

5

The district court dismissed all of the drivers' claims as time-barred and then later dismissed the employer's cross-claim for lack of subject-matter jurisdiction—apparently concluding that the cross-claim was subject to the exclusive jurisdiction of the National Labor Relations Board under the preemption doctrine announced in *San Diego Building Trades Council Millmen's Union, Local 2020 v. Garmon,* 359 U.S. 236 (1959). *Id.* at 1057; *see also Garmon*, 359 U.S. at 245 ("When an activity is arguably subject to § 7 or § 8 of the National Labor Relations Act, the states as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.").

On appeal, the Eighth Circuit affirmed the dismissal of the employees' claims. *Id.* at 1056. The employer argued that its cross-claim was not preempted by *Garmon* because the drivers' complaint had entered the *Textron* "gateway" and thus properly invoked § 301 of the Labor Management Relations Act. *Id.* at 1058; *see also id.* ("The *Garmon* doctrine is 'not relevant' to actions within the purview of § 301.") (quoting *William E. Arnold Co. v. Carpenters Dist. Council of Jacksonville & Vicinity*, 417 U.S. 12, 16 (1974)). The Eighth Circuit rejected the employer's contention and observed that "*Textron* only permits a litigant to raise the validity of a contract as an affirmative defense; it does not allow such claims to be asserted offensively." *Id.* at 1058.

The Court reads *Textron* and *Gerhardson* to stand for the proposition that the plaintiff must allege that the defendant violated a collective bargaining agreement in order to invoke § 301(a) of the Labor Management Relations Act as the basis for federal-question jurisdiction.[2] The complaint

---

[2] Although *Textron* observes that "a declaratory judgment plaintiff accused of violating a collective bargaining agreement may ask a court to declare the agreement invalid" under § 301(a), this observation is at odds with its later observation that it had never "squarely confronted and explicitly upheld federal-question jurisdiction on the basis of an anticipated claim against which the declaratory-judgment plaintiff presents a nonfederal defense." 523 U.S. at 658

in this case does not contain such an allegation. On the contrary, the plaintiff contends that it is not a party to the collective bargaining agreement. Compl. ¶¶ 52–56. Under *Textron* and *Gerhardson*, the validity of a collective bargaining agreement may be raised only as an affirmative defense. Because the plaintiff does not allege a violation of the collective bargaining agreement, the Court lacks jurisdiction over count 1 of the complaint. The defendants' motions to dismiss must be granted as to count 1.[3]

### C. Count 2 is moot.

In count 2, the plaintiff seeks a stay of the Joint Trade Board hearing. Compl. ¶¶ 60–65. At the hearing on the defendants' motions to dismiss, the parties indicated that this count is now moot in light of the fact that the Joint Trade Board hearing has already occurred. The Court agrees. The defendants' motions to dismiss must be granted as to count 2.

### D. Count 3 states a claim under *Twombly* and *Iqbal.*

In count 3, the plaintiff alleges that the Union violated § 303 of the Labor Management Relations Act by threatening, coercing, and restraining it from doing business with subcontractors that are not parties to the collective bargaining agreement for the purpose of forcing the plaintiff into entering an agreement forbidden by 29 U.S.C. § 158(e). Compl. ¶¶ 66–70. The Union's sole contention is that this allegation fails to meet the pleading standards articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[4] Def.'s Br. at 22–28,

& 660.

---

[3] Because the Court concludes that it lacks jurisdiction over count 1, it declines to consider whether the Association is entitled to arbitral immunity.

[4] The union's other contention—that count 3 fails to state a claim because any restriction on subcontracting is authorized by the construction industry proviso in 29 U.S.C. §158 (e)—is more appropriately decided after some discovery and perhaps on a motion for

ECF No. 20. The Court disagrees. Count 3 adequately alleges each of the elements of a claim under § 303 of the Labor Management Relations Act, 29 U.S.C. § 158(b)(4)(ii)(A). Because the complaint meets the pleading requirements of Rule 8(a)(2), as interpreted by *Twombly* and *Iqbal*, count 3 states a claim upon which relief can be granted. The union's motion to dismiss count 3 must be denied.

### III. RECOMMENDATION

In light of the foregoing, it is **HEREBY RECOMMENDED** that:

1. The Association's motion to dismiss (ECF No. 13) should be **GRANTED**;

2. The Union's motion to dismiss (ECF No. 18) should be **GRANTED in part** and **DENIED in part**;

3. Counts 1 and 2 should be **DISMISSED WITH PREJUDICE**; and

4. The defendant Carpentry Contractors Association should be dismissed as a party to this action.


DATED: June 27, 2013                    *s/ Franklin L. Noel*
                                         FRANKLIN L. NOEL
                                         United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 11, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **July 11, 2013,** a complete transcript of the hearing.

---

summary judgment.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.